IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 1 4 2011
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| ARC RIDGE, LLC, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:10-CV-541-A |
| | § | |
| UNITED STATES ARMY CORPS | § | |
| OF ENGINEERS, ET AL., | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| RAYBURN COUNTRY ELECTRIC | § | |
| COOPERATIVE, INC., | § | |
| | § | |
| Intervenor. | § | |

MEMORANDUM OPINION
and
ORDER

Plaintiffs, ARC Ridge, LLC, Clyde Abernathy, Harold Wise, Jennifer Wise, and Jim Wise, own land that will be affected by an electric transmission line intervenor, Rayburn Country Electric Cooperative, Inc., ("Rayburn") proposes to construct in Henderson and Van Zandt Counties, Texas. By their Complaint for Declaratory and Injunctive Relief, plaintiffs sought adjudications that defendants, United States Army Corps of Engineers ("Corps"), Stephen L. Brooks, in his official capacity as Chief, Regulatory Branch, U.S. Army Corps of Engineers, Fort

Worth District, and Wayne Lea, in his official capacity as Employee and Agent, U.S. Army Corps of Engineers, Fort Worth District,[1] violated the National Environmental Policy Act ("NEPA") and section 404 of the Clean Water Act ("CWA") when the Corps by its letter ruling issued July 23, 2010, Adm. R., Vol. 3 at 927-36, determined that the transmission line construction project was authorized by Nationwide Permit 14 for Linear Transportation Projects, and permitted Rayburn to proceed with the project on that basis. The two counts of the complaint, Compl. at 42, ¶¶ 107-112, assert, in effect, that the Corps violated NEPA, CWA, and implementing regulations, by allowing Rayburn to proceed with the project based on the administrative record, and that such conduct was arbitrary, capricious, and not in accordance with law, thus violating 5 U.S.C. § 706(2)(A).

The court granted Rayburn's motion to intervene, and allowed Rayburn to file an answer in response to plaintiffs' complaint. Plaintiffs then filed a supplemental complaint, asserting cross-claims for declaratory and injunctive relief against Rayburn, giving additional reasons why plaintiffs contend that Rayburn

---

[1] The court treats the claims of plaintiffs against the individual defendants, who were sued only in their official capacities as officials of the Corps, as claims against the Corps, with the result that, as a practical matter, the Corps is the only defendant.

should not be permitted to proceed with the transmission line project.

On November 23, 2010, the parties appeared before the court for a conference/hearing scheduled by the court for the purpose of identifying the issues to be dealt with in this action and for a precise identification of the statutory and regulatory authority for the various contentions of the parties. In advance of that conference/hearing, and in response to an order signed by the court on November 18, 2010, plaintiffs filed a supplemental memorandum in which they provided specificity as to their contentions relative to alleged violations by the Corps of the APA. The supplemental memorandum listed seven acts or omissions of the Corps that plaintiffs contended were unlawful, and should be set aside, by reason of one or more parts of 5 U.S.C. § 706(2).

At the November 23, 2010, conference/hearing there was an attempt to cause the parties to reach an agreement as to the exact issues that were to be resolved as between plaintiffs and the Corps. Those discussions led to the filing on December 8, 2010, of a stipulation by the parties as to issues raised by plaintiffs' complaint against the Corps that when resolved will

decide the merits of those claims. The parties stipulated as follows:

> The parties have agreed that Plaintiffs' complaint against Defendants raises the following issues, and that the merits of Plaintiffs' claims will be decided by resolution of the following issues:
>
> 1. Do Plaintiffs have standing to challenge actions affecting lands owned by others?
>
> 2. With respect to Plaintiffs' claims against the Corps, can and should the Court look beyond the administrative record in determining the likelihood that Plaintiffs will prevail on the merits, or in ultimately resolving the case on the merits?
>
> 3. Did the Corps abuse its discretion in issuing a verification that there would not be a discharge causing the loss of more than one-half acre of waters of the United States?
>
> 4. Did the Corps abuse its discretion or otherwise violate its statutory duties in not exercising authority over the ten-plus acre clear-cut given the existence of a jurisdictional discharge (even if that discharge resulted in the loss of less than one-tenth of an acre of waters of the United States)?
>
> 5. Was the Corps required either to consult with relevant state and federal agencies, or to conduct a public interest review, before issuing a verification under a nationwide permit?
>
> 6. Did the Corps abuse its discretion when, in issuing a verification under a nationwide permit, it accepted Rayburn's representations that it could and would accomplish

4

    construction in waters of the United States
    by employing the techniques Rayburn described
    in communications with the Corps?

  7. Was the Corps legally obligated to analyze
    whether this particular project would utilize
    the least environmentally damaging
    practicable alternative; if so, did the Corps
    satisfy that obligation?

Notice of Stipulation at 2-3.

  By order signed January 28, 2011, the court ordered each party to provide particularized information concerning such party's contentions as to issues 3, 4, 5, 6, and 7 of the stipulated issues and citations to the statutory, regulatory, or case authority upon which the party relies in support of such contentions. Each party made a filing in response to the directives of the January 28, 2011, order. After having reviewed the material now before the court, the court makes the following findings and has reached the following conclusions:

  1. The court concludes that plaintiffs have standing to make the challenges they have made in this action, even though the outcome of those challenges could affect lands owned by others.

  2. The court has not been persuaded that the court should look beyond the administrative record in resolving plaintiffs'

claims against the Corps on the merits. Therefore, there is no need for further hearing before a ruling on the merits.

3. The court has not been persuaded that the Corps abused its discretion in issuing a verification that there would not be a discharge causing the loss of more than one-half acre of waters of the United States.

4. The court has not been persuaded that the Corps abused its discretion or otherwise violated its statutory duties in not exercising authority over the ten-plus acre clear-cut given the existence of a jurisdictional discharge (even if that discharge resulted in the loss of less than one-tenth of an acre of waters of the United States).

5. The court has not been persuaded that the Corps was required to consult with relevant state and federal agencies, or to conduct a public interest review, before issuing a verification under a nationwide permit.

6. The court has not been persuaded that the Corps abused its discretion when, in issuing a verification under a nationwide permit, it accepted Rayburn's representations that it could and would accomplish construction in waters of the United States by employing the techniques Rayburn described in communications with the Corps.

7. The court has not been persuaded that the Corps legally was obligated to analyze whether the project in issue would utilize the least environmentally damaging practical alternative.

The findings and conclusions expressed above lead the court to the conclusion that plaintiffs have failed to carry their burden to establish that the administrative record does not support the action taken by the Corps through its July 23, 2010, letter. Therefore, the court is denying plaintiffs the relief they seek by their Complaint for Declaratory and Injunctive Relief filed August 3, 2010.

Because the cross-claims of plaintiffs against Rayburn raised issues independent of, and separate from, the issues to which the parties stipulated as being outcome determinative of plaintiffs' claims against the Corps, the court has concluded that the cross-claims asserted by plaintiffs in their supplemental complaint filed November 8, 2010, should be dismissed without prejudice pursuant to the authority of 28 U.S.C. § 1367(c)(3).[2] Also, the court is vacating the injunctive

---

[2] The jurisdictional basis alleged by plaintiffs for their cross-claims was 28 U.S.C. § 1367. Supplemental Compl. at 3, ¶ 4. In their response to Rayburn's Rule 12(b) motion to dismiss, plaintiffs said that their claims against Rayburn are not based on any federal statute and that, instead, each of the claims was brought pursuant to Texas state law. Pls.' Resp. to Rayburn's 12(b) Mot. at 4. The court is satisfied that it had no jurisdictional basis for consideration of plaintiffs' cross-claims against Rayburn other than the supplemental jurisdiction contemplated by 28 U.S.C. § 1367.

relief granted to plaintiffs against Rayburn in the order the court signed October 27, 2010.

Therefore,

The court hereby ORDERS that all claims asserted by plaintiff against the Corps (including those asserted against Stephen L. Brooks, in his official capacity as Chief, Regulatory Branch, U.S. Army Corps of Engineers, Fort Worth District, and Wayne Lea, in his official capacity as Employee and Agent, U.S. Army Corps of Engineers, Fort Worth District) be, and are hereby, dismissed with prejudice.

The court further ORDERS that the cross-claims asserted by plaintiffs against Rayburn by the supplemental complaint plaintiffs filed November 8, 2010, be, and are hereby, dismissed without prejudice.

The court further ORDERS that the injunctive relief granted by the October 27, 2010, order be, and is hereby, vacated.

SIGNED February 14, 2011.

_____
JOHN McBRYDE
United States District Judge